STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-57

:: - KEN - 7/11/₂₃

DONALD FICKETT,

      Appellant/Petitioner

   v.

STATE OF MAINE, OFFICE
OF THE SECRETARY OF
STATE,

      Appellee/Respondent

**DECISION ON APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY

AUG 6 2003

This matter comes before the court on petition by Donald Fickett for review of final agency action pursuant to 5 M.R.S.A. §§ 11001-11008 and M.R. Civ. P. 80C. The agency action giving rise to the appeal is the July 30, 2002 decision on the part of the Director of Driver License Services within the Bureau of Motor Vehicles, which suspended Mr. Fickett's driver's license. After reviewing the record and arguments of the parties, the court will deny the appeal.

### Facts

In March 1993, petitioner Donald Fickett was convicted was operating his motor vehicle while under the influence during the preceding month. On October 31, 2001, the petitioner was again stopped and charged with Operating Under the influence. A report of the charge, including the test results of a blood alcohol concentration of .09%, was sent to the Bureau of Motor Vehicles. As a result of that report and pursuant to 29-A M.R.S.A. § 2453, the Bureau suspended the petitioner's license administratively effective December 9, 2001, for at least 18 months. The petitioner appealed this suspension and the suspension was stayed pending the administrative appeal hearing. The hearing was continued several times until March 5, 2002, at which time the

suspension was rescinded when the law enforcement officer did not appear for the rescheduling hearing.

While the petitioner's administrative suspension was pending in the Bureau of Motor Vehicles, his criminal charge of Operating Under the Influence was proceeding through judicial channels. On July 5, 2002, the petitioner pled guilty to the October 2001 OUI charge, pursuant to an agreement with the District Attorney that petitioner would be charged as a first-offense OUI. The court sentenced petitioner to a 90-day loss of license, brief jail time and a fine. Upon receipt of notice of this conviction, the Bureau once again suspended the petitioner's license for a minimum of 18 months effective July 5, 2002, pursuant to the mandatory suspensions set forth in 29-A M.R.S.A. § 2451.[1] The petitioner sought to appeal the July, 2002 suspension, but was informed that no appeal would be available. Petitioner then filed this Rule 80C petition with the court.

### Discussion

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law or findings not supported by the evidence. *Centamore v. Dep't of Human Services,* 664 A.2d 369, 370 (Me. 1995). The focus is whether the record contains competent and substantial evidence to support the agency's conclusion. *CWCO, Inc. v. Sup't of Insurance,* 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. With these standards of review in mind, the petitioner identifies two issues: (1) whether the Bureau of Motor Vehicles (Secretary of State) had statutory authority to issue the July 18, 2002 suspension; and (2) whether the December 9, 2001 and July 18, 2002 suspension were the same alleged

---

[1] Although closely related, the suspensions are not the same. Suspension under section 2451 is triggered by a conviction while suspension under section 2453 is triggered by a determination that the individual operated a motor vehicle with an excess of blood alcohol level. Suspension under section 2453 is immediate; no conviction is necessary.

2

conduct violate petitioner's constitutional protection against double jeopardy. These issues will be discussed separately below.

## I. Statutory Authority.

The petitioner's argument on the issue of statutory authority turns on statutory interpretation of section 2451. Subsection 3 reads, in part:

> [T]he Secretary of State shall suspend the license of a person <u>convicted</u> of OUI for the following minimum periods:
> B. Eighteen months, if the person has 2 OUI <u>offenses</u> within a 10-year period; (emphasis provided).

Petitioner concedes the prior OUI conviction in 1993, but argues that this is somehow different from a prior OUI "offense." The petitioner also acknowledges that the term "OUI offense" is defined in 29-A M.R.S.A. § 2401(11) – which applies to the entire chapter including section 2451 – as meaning "an OUI conviction or suspension for failure to submit to a test." The court does not agree with the petitioner's strained interpretation of this definition that the words "for failure to submit to a test" modified both conviction and suspension. Since refusal to take a test is not a crime in and of itself, the petitioner's interpretation makes no sense. Further, the Law Court has noted, at least in passing, a reading of section 2401(11) consistent with the reading of this court. *Dipitro v. Secretary of State*, 2002 ME 114, ¶ 2, n.2, 802 A.2d 399. Once the proper reading of sections 2401 and 2451 are applied, it is clear that the respondent had not only the statutory authority but a statutory duty to suspend respondent's driver's license for a minimum of 18 months upon notification of his second conviction for OUI within the 10-year period.

## II. Double Jeopardy.

The petitioner also alleges that the respondent's action in suspending his license again violated his protections against double jeopardy afforded by Article I, Section 8 of

3

the Constitution of Maine and the Fifth and Fourteenth Amendments of the Constitution of the United States. The double jeopardy clauses of the federal and state constitutions protect a criminal defendant from three abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *State v. Savard*, 659 A.2d 1265, 1266 (Me. 1995). The provisions against double jeopardy apply only if the following criteria exist: (1) punishment is for the same offense; (2) the suspension and criminal prosecution occurred in a separate proceeding; and (3) the suspension constitutes punishment. *Id.* Application of these principles to the Secretary of State's suspension of driver's license pursuant to section 2451 is fully discussed in the *Dipitro* case noted above, a case remarkably similar to the present case. In *Dipitro*, the Court held that the suspension was not double jeopardy because it was remedial rather than punitive in nature. The petitioner attempts to distinguish *Dipitro* on its facts since in the present case the petitioner was initially suspended, then "prevailed" at the hearing (when the officer failed to appear) and then was suspended again after his OUI conviction. The petitioner argues that somehow this chain of events obviates the fact that the Law Court has already decided that administrative suspensions are not punishment for double jeopardy purposes. While the cases are not identical, the procedural differences do not change the fundamental character of the suspensions as safety measures to which double jeopardy protections do not attach.

In summary, the respondent had the statutory authority and obligation to suspend the petitioner's license both upon the initial determination that petitioner had operated a motor vehicle with an excess of blood alcohol level and subsequently when the petitioner was convicted of OUI. Further, the duel suspensions arising out of the same conduct are contemplated by Title 29-A and do not violate the petitioner's

4

constitutional protections against double jeopardy. The court has detected no abuse of discretion, error of law, or findings not supported by the evidence. Therefore, the entry will be:

Appeal DENIED and REMANDED.

Dated: July 11, 2003

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __8/28/02__ __Kennebec__ Docket No. __AP02-57__
County

Action __Petition for Review__
80C

# J. STUDSTRUP

Donald Fickett                    vs.    Bureau of Motor Vehicle

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael P. Harman, Esq. <br> 4 Hill Street <br> Millinocket, Maine  04462 | Joseph Wannemacher, AAG <br> 6 State House Station <br> Augusta, Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 8/28/02 | Petition for Review of Final Agency Action, filed. s/Harman, Esq. |
| 9/25/02 | Certified Record, filed. s/Wannemancher, AAG |
| 9/25/02 | Notice of briefing schedule mailed to attys of record. |
| 11/4/02 | State's Motion to Extend Time for Filing State's Reply Brief, filed on 11/1/02. s/Wannemacher, AAG. |
| 11/7/02 | MOTION TO EXTEND TIME TO FILE REPLY BRIEF, Studstrup, J. <br> Extended to December 20, 2002. <br> Copies mailed to attys of record. |
| 12/9/02 | Petitioner's Brief on Appeal of Final Agency Action, filed. s/Harman, Esq. |
| 1/8/03 | Brief of Respondent, filed. s/Wannemacher, AAG |
| 5/29/03 | Hearing had on oral arguments, Studstrup, J. (no courtroom clerk) <br> Case taken **under advisement.** |
| 7/11/03 | DECISION ON APPEAL, STUDSTRUP, J. <br> Appeal DENIED and REMANDED. <br> Copies mailed to attys of record. <br> Copies mailed to Deborah Firestone, Garbrecht Library and Goss. <br><br> Notice of removal of record mailed. |